```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

In re: ZYPREXA
PRODUCTS LIABILITY LITIGATION

------------------------------------------------------x

DERRICK BROWN on behalf of the ESTATE
OF DOROTHY A. BROWN, DECEASED,

                           Plaintiff,

           versus

NOXUBEE GENERAL HOSPITAL,
BAPTIST MEMORIAL HOSPITAL-GOLDEN TRIANGLE,
and ELI LILLY AND COMPANY,

                           Defendants.
------------------------------------------------------x
```

MEMORANDUM
AND ORDER ON
MOTION TO REMAND

04-MD-01596 (JBW)

08-CV-3249 (JBW)

JACK B. WEINSTEIN, Senior United States District Judge:

## I. Introduction

A. <u>Plaintiff's Complaint and Removal</u>

The estate of Dorothy A. Brown, who died on August 24, 2005, brings the present action against Noxubee General Hospital ("Noxubee General"), Baptist Memorial Hospital-Golden Triangle ("Baptist Memorial"), and Eli Lilly & Company ("Lilly"). Ms. Brown was prescribed Zyprexa from January 1999 until June 2003. The drug was discontinued because of the effect it had on her blood glucose levels.

On August 20, 2005, Ms. Brown presented at Noxubee General's Emergency Department in the city of Macon, Mississippi, complaining of difficulty breathing and high blood glucose levels. She was discharged from the hospital the same day. The following day, she appeared at



Baptist Memorial in Flowood, Mississippi with similar complaints and was released within the day. On August 22, she returned to Noxubee General and was discharged after another brief visit. Two days later, on August 24, 2005, Ms. Brown died. Cardiac arrest was the documented cause. *See* Pl. Exh. A.

The original complaint was filed in state court on October 22, 2007. An amended complaint was filed on November 6, 2007. A one-page written notice of claim was provided to Noxubee General and Baptist Memorial on August 17, 2007. *See* Pl. Exh. C; Pl. Exh. D. Lilly removed the present case to the federal district court in the Southern District of Mississippi on January 31, 2008. *See* 28 U.S.C. § 1441. The case was transferred to this court on August 11, 2008, as part of a Multi-District Litigation.

The claim against Lilly is based on several legal theories, including: failure to warn about substantial risks of Zyprexa; product liability based on a defective product that failed to contain adequate warnings or instructions as required by Mississippi state law, Miss. Code Ann. § 11-1-63(a)(i)(2); and liability based on a defective product that breached an express warranty of safety and efficacy, Miss. Code Ann. § 11-1-63(a)(i)(4). First Amended Compl. ¶¶ 24-25. Plaintiff also alleges that Lilly was grossly negligent in the "research, design, development, manufacture, testing, marketing, packaging, labeling, promotion, advertising, warning, sale, and distribution of Zyprexa," proximately causing Ms. Brown's death. *Id.* at ¶¶ 26-27.

Included in the claims against Noxubee General and Baptist Memorial are liability for having discharged Ms. Brown when they knew, or should have known, that she was unable to provide necessary personal and medical care for herself as a result of her impairment. *Id.* at ¶ 12. The claim against Noxubee General, a "community hospital," *see* Miss. Code Ann. § 41-13-10(c), rests on the Mississippi Tort Claims Act ("MTCA"), the statutory remedy for injury by a

governmental entity. The record does not make clear whether Baptist Memorial is a community hospital subject to the same statute and defenses as Noxubee General. Alternatively, if Baptist Memorial is not a community hospital, plaintiff's claim is based on the state's Medical Malpractice Tort Reform Act ("MMTRA").

### B. History of Zyprexa Litigation

Some 30,000 cases have been brought against Lilly by plaintiffs who were treated with the Lilly drug Zyprexa. They allege that Zyprexa caused deleterious side effects of excessive weight gain, hyperglycemia, and diabetes; that Lilly misled them and their physicians about the likelihood of these side effects; and that, had they or their attending physicians been aware of the risk, they would not have taken Zyprexa.

Litigation against Lilly for injuries allegedly caused by Zyprexa was initiated in this court in March 2004. *See Benjamin v. Eli Lily & Co.*, Docket No. 04-CV-893. Thousands of cases were then transferred here from federal district courts throughout the United States pursuant to orders of the Judicial Panel on Multidistrict Litigation. Similar cases are pending in state courts. *See In re Zyprexa Prods. Liab. Litig.*, 239 F.R.D. 316 (E.D.N.Y. Jan. 18, 2007) ("Memorandum on Cooperation Between Federal and State Judges").

### C. Plaintiff's Motion to Remand

A motion to remand was filed by plaintiff on February 29, 2008, on the ground that, because of lack of complete diversity, this court does not have subject matter jurisdiction. Lilly submitted its response to plaintiff's motion on March 14, 2008. Noxubee General submitted a motion for summary judgment on April 15, 2008, to which plaintiff responded on May 30, 2008.

Oral arguments were heard on September 22, 2008. While the court postponed argument on defendant Noxubee General's motion for summary judgment, it notes that the legal

contentions raised in Noxubee General's motion for summary judgment are in large part duplicated in the motion to remand.

Plaintiff contends that the presence in this suit of defendants Noxubee General and Baptist Memorial creates incomplete diversity, so that remand to state court is required. Lilly argues that the two non-diverse defendants were fraudulently joined in plaintiff's action against Lilly on Zyprexa-related claims. With the exclusion of Noxubee General and Baptist Memorial, there would be complete diversity and this court would retain subject matter jurisdiction.

## II. Law

### A. Subject Matter Jurisdiction and Joinder of Parties

Removal and transfer to federal court is proper if there is complete diversity of citizenship. *See* 28 U.S.C. § 1332. Rule 20 of the Federal Rules of Civil Procedure provides that the joinder of parties – in this case, Lilly and the two hospitals – in a single legal action requires that a "right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The appropriate inclusion of non-diverse defendants will defeat federal diversity jurisdiction and require remand to state court. 28 U.S.C. § 1332. "If fraudulent joinder is found, and the requirements of jurisdiction are otherwise met, then the case was properly removed and the district court has subject matter jurisdiction." *Sonnenblick-Goldman Co. v. ITT Corp.*, 912 F. Supp. 85, 88 (S.D.N.Y. 1996); *see also Fahnestock & Co. Inc. v. Castelazo*, 741 F. Supp. 72 (S.D.N.Y. 1990); *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 521 F. Supp. 1046 (S.D.N.Y. 1981). Where a plaintiff has added a defendant against whom there is no reasonable

basis for recovery, joinder of that party is fraudulent. *Pampillonia v. RJR Nabisco. Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998).

Proving fraudulent joinder presents a heavy burden. All factual and legal issues must be resolved in favor of the plaintiff. The defendant must demonstrate, by "clear and convincing evidence," that (1) there has been fraud committed by the plaintiff's pleadings, or (2) there is no possibility, based on the pleadings, that the plaintiff can state a cause of action for which there is a reasonable basis for recovery against the non-diverse defendants. *Id.*

Even if non-diverse defendants are joined solely to prevent removal to federal court, fraudulent joinder is not shown if the plaintiff does in fact have a valid claim against the non-diverse defendants. *Harris Diamond Co. v. Army Times Pub. Co.*, 280 F. Supp. 273, 275 (S.D.N.Y. 1968); *see also Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 189 (1931) (holding that "where there is a [p]rima facie joint liability, averment and proof that resident and nonresident tort-feasors are jointly sued for the purpose of preventing removal does not amount to an allegation that the joinder was fraudulent, and will not justify a removal from the state court"). By contrast, "[j]oinder will be considered fraudulent when it is established 'that there can be no recovery [against the defendant] under the law of the state on the cause alleged.'" *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F. Supp. 1274, 1276 (S.D.N.Y. 1984) (quoting *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1992). *See also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-701 (5th Cir. 1999) (finding that there must be a "reasonable basis" for recovery against the non-diverse defendant for joinder to be proper); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) (asserting that fraudulent joinder occurs "when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts"); *Boyer v.*

*Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (defining joinder as fraudulent where there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment"); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

To decide whether joinder is fraudulent, the court looks to Mississippi state law to determine if there is a valid claim against the non-diverse defendants.

B. Statute of Limitations under the MTCA

Mississippi state law provides clear statutory requirements for asserting claims for injury against a governmental entity, which includes a "community hospital." Miss. Code Ann. §§ 11-46-1 through 11-46-23.; *City of Jackson v. Sutton*, 797 So. 2d 977, 980 (Miss. 2001) ("[The MTCA] is the exclusive route for filing suit against a governmental entity and its employees."). The MTCA provides that "[a]ll actions ... shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after." Miss. Code Ann. § 11-46-11(3). The statute of limitations may be tolled for a period of ninety-five (95) or one hundred twenty (120) days upon giving notice with the governmental entity. *Id.*

The Mississippi Supreme Court has held that the MTCA has no "discovery rule," meaning that the statute of limitations should apply, regardless of when the plaintiff knew or should have known that a cause of action exists and regardless of what information or records are available to plaintiff. *Caves v. Yarbrough*, 2007 Miss. LEXIS 614, *1-2 (Miss. 2007).

C. Sufficiency of Notice under the MTCA

"[A]ny person having a claim for injury ... against a governmental entity" must file a notice of claim ninety (90) days prior to filing an action in court. The MTCA has established "rigid and inflexible notice requirements for plaintiffs who plan to pursue litigation against the state." *Bounds v. Pine Belt Mental Health Care Resources*, 2008 U.S. Dist. LEXIS 14854, *12-13 (S.D. Miss. 2008). Notice of claim must be in writing and delivered in person or by registered or certified United States mail. Miss. Code Ann. § 11-46-11(1).

The notice must "contain a short and plain statement of the facts upon which the claim is based" and include seven expressly stated items: (1) the circumstances which brought about the injury, (2) the extent of the injury, (3) the time and place the injury occurred, (4) the names of all persons known to be involved, (5) the amount of money damages sought, (6) the plaintiff's residence at the time of the injury, and (7) the plaintiff's residence at the time of filing the notice. Miss. Code Ann. § 11-46-11(2). While Mississippi courts have "excused plaintiffs who offered meager responses to each of the seven statutory categories, no state court has excused a plaintiff who wholly ignored one or more of the items required." *Bounds*, 2008 U.S. Dist. LEXIS at *13; *see also Harden v. Field Mem'l Cmty. Hosp.*, 265 Fed. Appx. 405, 409 (5th Cir. 2008) (affirming dismissal of defendant and denial of motion to remand to state court based on plaintiff's fraudulent joinder "because [she] provided no facts as to two of the seven categories of information ... [failing] to satisfy the MTCA's notice requirement" and thereby had "no cognizable claim against [the defendant]").

### III. Application of Law – Noxubee General

A. The MTCA statute of limitations bars any claim against Noxubee General.

The alleged "tortious, wrongful or otherwise actionable conduct" committed against Ms. Brown by Noxubee General occurred on August 20, 2005, and August 22, 2005, the dates on

which she presented at the hospital with complaints of difficulty breathing and elevated blood glucose levels. The complaint was filed on October 22, 2007, approximately twenty-six months after the dates of alleged actionable conduct. Plaintiff's notice to Noxubee General was delivered on August 17, 2007, nearly two years after the alleged actionable conduct. The notice of claim and the complaint both came significantly later than the running of the one-year statute of limitations. Miss. Code Ann. § 11-46-11(3).

Plaintiff argues that equitable estoppel should apply to prevent Noxubee Hospital from asserting the statute of limitations as an affirmative defense. Estoppel would be based on Noxubee General's alleged concealment of medical records despite plaintiff's repeated requests.

This argument is unconvincing. The MTCA has no "discovery rule" and therefore no exception to the statute of limitations based on when the plaintiff knew or should have known that a cause of action exists. *See Caves*, 2007 Miss. LEXIS 614, at *1-2. Plaintiff's assertion that it lacked medical records from Noxubee General does not prevent application of the statute of limitations. The claim against Noxubee General is time-barred.

B. Plaintiff did not comply with the MTCA's strict notice requirement.

Even if the notice and complaint were timely, plaintiff's notice does not comply with legal requirements. The notice to Noxubee General stated that plaintiff was "contemplating a wrongful death action" against each hospital, asserting that "the legal basis of the claim is that Ms. Brown, deceased, did not receive medical care that met the requisite standard, when she presented" to each hospital in the days prior to her death. *See* Pl. Exh. C.

This notice does not meet the "rigid and inflexible notice requirements for plaintiffs who plan to pursue litigation against the state." *See Bounds*, 2008 U.S. Dist. LEXIS at *12-13; Miss.

Code Ann. § 11-46-11(2); *see also Carpenter v. Reinhard*, 345 F. Supp. 2d 629, 632 (N.D. Miss. 2004) (noting that the MTCA's notice provision is "stringent").]

C. <u>Plaintiff's joinder of Noxubee General was fraudulent.</u>

Plaintiff maintains no cause of action for which there is a reasonable basis for recovery against Noxubee General. The claim fails based on the statute of limitations and the notice requirements. Joinder of defendant Noxubee General is therefore fraudulent.

Theoretically, the decision on fraudulent joinder for purposes of the remand motion leaves open Noxubee General's motion for summary judgment. There appears to be little if any merit in plaintiff's claim against Noxubee General. If plaintiff wishes to argue Noxubee General's motion for summary judgment, a hearing will be held on Friday, October 24, 2008, at 2:00 pm. If a hearing is not requested by October 20, 2008, summary judgment for Noxubee General will be entered.

## IV. Baptist Memorial

The record does not make clear whether Baptist Memorial is a community hospital subject to the same statute and defenses as Noxubee General. If the parties do not stipulate to this fact, the matter will be referred to Magistrate Judge Roanne L. Mann for discovery on this and related issues.

An additional issue regarding the claims against the hospital is based on the requirement that plaintiff submit a certificate of expert consultation. *See* Miss. Code Ann. § 11-1-58. Plaintiff contends in the motion to remand that it was not necessary to consult with an expert prior to filing this action. Following the hearing of September 22, 2008, plaintiff sought to amend its complaint by adding reference to a certificate documenting its pre-filing consultation with an unnamed expert. Pl. Exh. E. While the Mississippi Supreme Court has held that a

submission of such certification is not required at the time the complaint is filed, *Wimley v. Reid*, 2008 Miss. LEXIS 456 (September 18, 2008), it did not eliminate the requirement that plaintiff consult with an expert prior to filing its complaint under Miss. Code Ann. § 11-1-58.

Defendant Baptist Memorial has requested discovery regarding this newly filed certification of expert consultation. Discovery is referred to Magistrate Judge Mann. It shall be conducted with respect to whether plaintiff complied with the expert consultation requirement required under Mississippi state law. Upon completion of discovery, Baptist Memorial may renew its motion for summary judgment and Lilly may renew its motion to declare joinder of Baptist Memorial fraudulent for removal purposes.

## V. Conclusion

Based on the present incomplete record, the court is not in a position to rule on plaintiff's motion to remand. The case will remain in this court pending a decision on that motion.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: October 10, 2008
Brooklyn, N.Y.