**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
*In re:* **ZYPREXA PRODUCTS LIABILITY**
                **LITIGATION**
-------------------------------------------------------------------x
**DERRICK BROWN,**                                                    **MEMORANDUM**
                                                                      **AND ORDER**
                **Plaintiff,**
                                                                      **04-MD-1596 (JBW)**
     -against-                                **08-CV-3249 (JBW)**

**NOXUBEE GENERAL HOSPITAL, et al.,**

                **Defendants.**
-------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Defendant Baptist Memorial Hospital-Golden Triangle, Inc. ("BMH-GT" or "defendant") filed a request for authorization to conduct discovery of the medical expert consulted by counsel to plaintiff Derrick Brown ("plaintiff"), and, in the interim, for a deferral of decision on plaintiffs' motion to remand the case to Mississippi state court. See 9/23/08 Defendant's Request for Discovery, ECF Docket Entry ("D.E.") #27.[1] Judge Jack B. Weinstein referred the request for discovery to the undersigned magistrate judge. See 9/24/08 Endorsed Order (D.E. #27) at 1. Shortly thereafter, Judge Weinstein issued a Memorandum and Order deferring decision on the motion to remand and directing that discovery be conducted, under the supervision of this magistrate judge, "with respect to whether plaintiff complied with the expert consultation requirement required under Mississippi state law." See

---

[1] Docket entries refer to those in <u>Brown v. Noxubee General Hospital, et al.</u>, 08-CV-3249 (JBW).

10/10/08 Memorandum and Order (D.E. #29) at 10.

For the reasons that follow, this Court directs plaintiff's attorney to file a sworn statement responding to the following two questions: (1) when did counsel first consult with a qualified expert or experts concerning this case?; and (2) when did counsel conclude, on the basis of such consultation, that there was a reasonable basis for the claims against BMH-GT? Defendant's request for further discovery about or from the consulting expert is denied.

**FACTUAL BACKGROUND**

In previously moving to dismiss plaintiff's claims, BMH-GT cited plaintiff's failure to attach to either his complaint or first amended complaint the certificate of consultation with an expert that is required by section 11-1-58 of Mississippi Code Annotated ("section 11-1-58"). See D.E. #27. Thereafter, one day prior to BMH-GT's letter-request for discovery concerning plaintiff's expert, plaintiff successfully moved for leave to amend his first amended complaint to attach as an exhibit counsel's certificate of consultation. See 9/22/08 Motion to Amend/Correct/Supplement First Amended Complaint (D.E. #23); 9/30/08 Order (D.E. #25).[2]

---

[2] Plaintiff's counsel's executed Certificate, filed with the Court's permission on September 30, 2008, reads as follows:

> As attorney for Plaintiff, it is hereby declared, that prior to filing the original complaint, I reviewed the facts of the case and consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence[,] who is qualified to give expert testimony as to the standard of care or negligence and as Plaintiff's attorney, I reasonably believe the expert is knowledgeable in the relevant issues involved in the particular action, and I concluded on the

(continued…)

BMH-GT now requests authorization to take discovery "of the plaintiff's consulting expert in order that this Court may determine whether or not that consultation occurred prior to the filing of the original Complaint on October 25, 2007." D.E. #27 at 2 (underscoring omitted). Specifically, BMH-GT seeks to elicit from the consulting expert "when the expert was initially contacted by plaintiff's counsel; what records were supplied to the consulting expert; when the consulting expert initially reviewed the pertinent medical records; when the expert communicated his or her opinions to counsel for the plaintiff; and whether or not the consulting expert rendered an opinion to counsel sufficient to create a good faith belief as to a viable claim against BMH-GT." Id.[3] In doing so, BMH-GT cites both Rule 26 of the Federal Rules of Civil Procedure, and the Mississippi Supreme Court's decision in Wimley v. Reid, 991 So.2d 135 (Miss. 2008), which, BMH-GT claims, "placed upon the trial court the responsibility to determine whether or not the plaintiff's consultation with an expert, in those cases where the Certificate of Consultation did not accompany the original Complaint, was conducted prior to, or after, the filing of the Complaint." D.E. #27 at 2.

---

[2](…continued)
          basis of such review and consultation that there is a reasonable
          basis for the commencement of such action.

See 9/30/08 Letter to Clerk Heinemann Attaching Certificate to be Attached to Plaintiff's First Amended Complaint (D.E. #26).

[3] It is unclear whether or not BMH-GT is seeking to depose plaintiff's expert, as it appears BMH-GT's application may have omitted the word "not." See D.E. #27 at 2 ("It is [*sic*] possible for BMH-GT to obtain the facts or opinions with respect to the timing of the expert consultation other than to depose the expert.").

## DISCUSSION

A preliminary question presented by this motion concerns the applicability of section 11-1-58 under the *Erie* doctrine, which provides that a federal court sitting in diversity must apply state substantive law and federal procedural law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Both sides assume without discussion that this case is governed by section 11-1-58. Other state statutes requiring similar affidavits of merit have repeatedly been applied by federal courts in diversity actions. See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 160 & n.5 (3d Cir. 2000); Lee v. Putz, No. 1:03-CV-267, 2006 WL 1791304, at *4-6 (W.D. Mich. June 27, 2006); Smith v. Planned Parenthood, 225 F.R.D. 233, 239-42 (E.D. Mo. 2004); Finnegan v. Univ. of Rochester Med. Ctr., 180 F.R.D. 247, 249 (W.D.N.Y. 1998); see also Buckley v. Deloitte & Touche USA LLP, No. 06 Civ. 3291 (SHS), 2007 WL 1491403, at *14 n.2 (S.D.N.Y. May 22, 2007). This Court, like the parties, will therefore apply the state statute.

Mississippi Code section 11-1-58 provides that where expert testimony is required in "any action against a licensed physician, health care provider or health care practitioner," the complaint must be accompanied by a certificate executed by the attorney for the plaintiff declaring that he has consulted with at least one expert qualified to give expert testimony about the standard of care or negligence and that, based on that consultation, the attorney believes that there is a "reasonable basis for the commencement of such action." Miss. Code Ann. § 11-1-58(1). The statute further provides that "an attorney who submits a certificate of consultation shall not be required to disclose the identity of the consulted or the contents of the

consultation." Miss. Code Ann. § 11-1-58(5).

Until recently, the highest state court in Mississippi had upheld dismissals of complaints for failure to strictly comply with the requirements of section 11-1-58. See Walker v. Whitfield Nursing Ctr., Inc., 931 So.2d 583, 591 (Miss. 2006); accord Caldwell v. N. Miss. Med. Ctr., 956 So.2d 888, 894-95 (Miss. 2007). However, this past September, in Wimley, the Mississippi Supreme Court effectively overruled Walker and its progeny, and held that "a complaint, otherwise properly filed, may not be dismissed, and need not be amended, simply because the plaintiff failed to attach a certificate or waiver." 991 So.2d at 138. The Wimley Court left undisturbed the other requirements of section 11-1-58. See id. Therefore, a complaint without the requisite certificate will not be dismissed if and only if the plaintiff did in fact consult with an expert prior to filing the complaint, as mandated by the enforceable portion of section 11-1-58. See id. at 138-139. Accordingly, the Supreme Court in Wimley remanded the case to the trial court to determine whether an expert had been consulted prior to filing the complaint. See id. at 139. The Wimley Court did not, however, address the scope of such discovery on remand.

BMH-GT's efforts to obtain discovery from plaintiff's consulting expert overlook the language of section 11-1-58, which unequivocally states, in one of its subsections, that an attorney who submits a certificate of consultation is not required to identify the expert or the contents of the consultation. See Miss. Code Ann. § 11-1-58(5).[4] Moreover, Rule

---

[4] The one exception to this rule is not implicated here, as it involves a declaration by the attorney that he was unable to obtain the required consultation with an expert despite good

(continued...)

26(b)(4)(B) of the Federal Rules of Civil Procedure, which defendant cites, provides that "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation . . . and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B).

Seeking to circumvent this latter prohibition, defendant relies on an exception embodied in Rule 26, which provides that under "exceptional circumstances," such expert discovery may be obtained when it is "impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26 (b)(4)(B)(ii); see D.E. #27 at 2. Courts have recognized two situations in which such exceptional circumstances are presented : "(1) where the object or condition observed by the non-testifying expert is no longer observable by the expert of the party seeking discovery, and (2) where it is possible to replicate discovery on a contested issue but the cost would be prohibitive." 800 Front St. Corp. v. Travelers Prop. Cas. Co. of Am., No. 06-CV-500 (LDW), 2006 WL 3370350, at *2 (E.D.N.Y. Nov. 20, 2006) (citation omitted). The burden to show extraordinary circumstances -- which has been described as "a heavy one" -- is on the party seeking discovery of a non-testifying expert. See Moore U.S.A. Inc. v. Standard Register Co., 206 F.R.D. 72, 75 (W.D.N.Y. 2001) (internal

---

[4](…continued)
faith attempts with at least three different experts. Miss. Code Ann. § 11-1-58(5). Even under those circumstances, the attorney is not required to disclose such information to the opposing party; rather, he may be required to divulge to the court, in camera, the names of the experts refusing such consultation. Id.

quotations omitted) (citations omitted); see also Vincent v. Mortman, No. 3:04-CV-491 (JBA), 2006 WL 2349448, at *1-2 (D. Conn. Aug. 11, 2006).

BMH-GT does not and cannot contend that the expert whom plaintiff alleges to have consulted was able to observe any condition that is no longer in existence, nor does defendant complain of costly replication of plaintiff's expert's work.[5] Instead, defendant vaguely alludes to the "procedural posture of the case," as well as plaintiff's prior position rejecting the necessity of expert testimony. See D.E. #27 at 2. No court has ever found those circumstances to be exceptional, and this Court declines to do so.

Granting BMH-GT's demands for information such as the expert's identity and a description of the documents reviewed by the expert would gut the protections afforded by section 11-1-58(5) and Rule 26(b)(4)(B) and would require more than is necessary to ensure that counsel complied with the consultation requirement imposed under Mississippi law. Accordingly, this Court directs that defendant's discovery be limited to a sworn statement from plaintiff's attorney responding to the following questions: (1) whether the attorney consulted with a knowledgeable expert qualified to give expert testimony as to the relevant standard of care or negligence in this case and, if so, when; and (2) whether the attorney concluded on the basis of such consultation that there was a reasonable basis for the commencement of this

---

[5] In contrast, in 800 Front Street, a faulty valve that was critical to the case had been removed by a party's expert from its original setting and had been in the custody of the expert for two years. See 2006 WL 3370350, at *1. The court in that case granted defendant discovery as to the tests performed on the valve and the photographs taken, because defendant could not re-create the original setting, nor could it obtain the information on the tests performed in any other manner. See id. at *2-3.

action against BMH-GT and, if so, when the attorney reached that conclusion. The responses to these questions will provide a sufficient basis for the Court to make a determination as to whether plaintiff's counsel complied with the requirements of Wimley, while still maintaining the protections provided by Mississippi Code section 11-1-58(5) and Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, this Court holds that discovery concerning plaintiff's consulting physician be limited to a sworn statement from plaintiff's counsel responding to the two aforementioned questions.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**November 6, 2008**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**